No. 706

WAGNER v. CROWE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2927. Decided Feb. 7, 1927.

480.—EVIDENCE—148. Bills of Exceptions —Where record does not disclose what reply witness would have made had he been permitted to answer, reviewing court cannot presume that answer would have been favorable to complaining parties.

Error to Common Pleas.
Judgment affirmed.

First Publication of this Opinion.

BUCHWALTER, PJ.

The action below was for damages for malicious prosecution. Plaintiff, who claimed to be the owner of a certain automobile, was charged with operating said automobile unlawfully, it being the property of the defendant. On hearing, in the criminal case, the defendant was discharged. The defendant, in the instant action, claimed that he purchased the automobile from plaintiff, that the plaintiff had re-taken and operated it without his

permission. In the examination in chief of the defendant, he was asked various questions in reference to the report he made to the police, in reference to the taking of the automobile. The question was asked: "What did the police advise you to do?" This question was objected to, objection sustained, and exception noted.

The plaintiff in error relies chiefly on this alleged error in this proceeding. The record does not disclose what reply the witness would have made, had he been permitted to answer, and this court cannot presume that the answer would have been favorable to the plaintiff in error. It is not necessary to discuss the question of whether or not the answer would have been material, since the record does not disclose what reply would have been made.

Judgment affirmed.

(Hamilton and Cushing, JJ., concur.)

Attorneys—Edward H. Moeller, Jr., for Wagner; David F. Naylor for Crowe; all of Cincinnati.